# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RAYMOND F. BROOMFIELD,

    Plaintiff,

v.

Case No: 6:17-cv-1348-Orl-18GJK

JERRY L. DEMINGS, ROBERT BISHOP and MIKE MORENO,

    Defendants.

## ORDER

THIS CAUSE comes for consideration on the following:

1. Defendant Jerry L. Demings's ("Demings") Motion to Dismiss (Doc. 16), to which Plaintiff Raymond F. Broomfield ("Broomfield") filed a response (Doc. 20).

2. Defendant Robert Bishop's ("Bishop") Motion to Dismiss (Doc. 17), to which Broomfield filed a response (Doc. 20).

3. Defendant Mike Moreno's ("Moreno") Motion to Dismiss (Doc. 19), to which Broomfield filed a response (Doc. 20).

For the reasons that follow, the motions will be granted.

# I. BACKGROUND[1]

This case arises out of the arrest of Broomfield on December 17, 2009, by deputies of the Orange County Sheriff's Office. At approximately 8:00 a.m., the Orange County Sheriff's Office conducted a narcotics investigation at 2303 Northern Leaf Street in Orlando, Florida (the "Property"). (Doc. 13 ¶¶ 15, 16.) After agents knocked on the door of the Property, Broomfield opened the door. (*Id.* ¶ 17.) The agents informed Broomfield that they were conducting a narcotics investigation and asked to search the property, to which Broomfield denied permission. (*Id.* ¶¶ 18, 19.) However, despite not having consent or a warrant to search the Property, the law enforcement officers then detained Broomfield by securing him in handcuffs and proceeded to search the Property. (*Id.* ¶ 19.) More specifically, Bishop secured Broomfield in handcuffs. (*Id.*) After searching the Property and discovering contraband, the law enforcement officers applied for a search warrant. (*Id.* ¶ 20.) Thereafter, Defendants charged Broomfield with the cultivation of cannabis, possession of drug paraphernalia, and possession of cannabis with intent to sell and deliver. (*Id.* ¶¶ 15, 21.) Further, Defendants seized approximately $3,490.00 during the course of their search of the Property, which has never been returned to Broomfield. (*Id.* ¶ 36.)

Subsequently, Bishop and Moreno allegedly provided untruthful testimony at a motion to suppress hearing and at the trial for Broomfield's criminal case. (*Id.* ¶ 22.) Specifically, Bishop and Moreno purportedly "intentionally fail[ed] to disclose the statement given by the actual homeowner which indicated that [Broomfield] was not the homeowner nor the tenant in [sic] which the homeowner had rented the home." (*Id.*) Broomfield was ultimately convicted. (*Id.* ¶ 23.)

---

[1] This account of the facts is taken from Broomfield's Amended Complaint (Doc. 13), the allegations of which the Court accepts as true in considering Defendants' motions to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)("[C]ourts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true.").

After Broomfield's conviction, he filed a post-conviction motion for a new trial, as well as an appeal with the Fifth District Court of Appeal. (*Id.* ¶ 24.) Broomfield submitted a sworn affidavit of Miguel Cruhigger ("Cruhigger"), the owner of the Property, wherein Cruhigger attested that he identified the renter of the Property as "Mike Lewis" to Bishop and Moreno. (*Id.* ¶¶ 25-26.) Cruhigger also stated that he was never asked to identify whether Broomfield rented the Property and that he did not recognize Broomfield when he saw him in handcuffs. (*Id.* ¶¶ 27-28.) Ultimately, the appellate court vacated Broomfield's conviction and granted him a new trial after finding that, "Broomfield was denied a fair and impartial trial based on the new evidence provided by [Broomfield] . . . [that] Bishop and Moreno failed to disclose." (*Id.* ¶ 30.) On October 15, 2012, the state attorney filed a Nolle Prosequi. (*Id.* ¶ 32.)

Broomfield filed his original complaint against Defendants in state court on October 13, 2016, and Broomfield's case was removed to this Court on July 24, 2017. (*See* Docs. 1, 2.) On August 7, 2017, Broomfield filed his seven (7) count Amended Complaint (Doc. 13) against Defendants. In Count I, he attempts to bring a state law claim for false arrest/false imprisonment against Bishop. (*Id.* ¶¶ 47-54.) In Count II, Broomfield alleges a state law claim for malicious prosecution against Bishop. (*Id.* ¶¶ 55-67.) In Count III, Broomfield purports to bring a state law cause of action against Bishop for intentional infliction of emotional distress. (*Id.* ¶¶ 68-78.) In Count IV, Broomfield alleges a state law claim against Demings for his conversion of Broomfield's money for Demings's own use and gain. (*Id.* ¶¶ 79-82.) In Count V and Count VI, Broomfield attempts to bring claims against Bishop pursuant to 42 U.S.C. § 1983 for Bishop's alleged violations of Broomfield's Fourth and Fourteenth Amendment rights. (*Id.* ¶¶ 83-105.) In Count VII, Broomfield alleges a claim against Moreno under 42 U.S.C. § 1983 for Moreno's purported violations of Broomfield's Fourth and Fourteenth Amendment rights. (*Id.* ¶¶ 106-114.)

Defendants now move to dismiss Broomfield's claims (Docs. 16, 17, 19) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

A properly plead complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept the factual allegations in the complaint as true and must then determine whether the allegations "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Evaluation of a complaint requires a two-step inquiry: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the pleading standard set forth in Rule 8 does not require in depth factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 570). Dismissal of an action is appropriate "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## III. ANALYSIS

Defendants argue that Broomfield's claims, with the exception of his malicious prosecution claim against Bishop (Count II), are time-barred by the applicable statute of limitations. Bishop argues that Counts I and III are also subject to dismissal based on Bishop's statutory immunity under section 768.28(9), Florida Statutes. Bishop further avers that Count III fails to state a cause

of action against him. Demings contends that he has statutory immunity under section 768.28(9), Florida Statutes, from the claims Broomfield sets forth in Count IV. Further, Bishop and Moreno maintain that Count VI and Count VII, respectively, should be dismissed because they are time-barred and because Broomfield fails to allege sufficient facts to show that he has standing to challenge the alleged illegal search of the Property. In response, Broomfield contends that Counts I, III, IV, V, VI, and VII are not time-barred because he was equitably estopped from bringing said claims against Defendants until after his criminal case appeal came back and the state filed a Nolle Prosequi on October 15, 2012. Broomfield further argues that Bishop is not entitled to dismissal of Counts I and III based on statutory immunity "because he acted in bad faith, malicious purpose and in a manner exhibiting wanton and willful disregard of [Broomfield's] rights against unlawful arrest pursuant to 768.29(9)(a) [, Florida Statutes]." (Doc. 20 at 7.) Broomfield also asserts that he adequately states a cause of action against Bishop in Count III and that he has alleged sufficient facts in Counts VI and VII to show that he has standing. Finally, Broomfield argues that Demings can be held liable for the unlawful taking of Broomfield's money during the search of the Property and that Demings does not have statutory immunity from Broomfield's claims in Count IV.

*A. Statute of Limitations Defense for Broomfield's Claims (Counts I, III, IV, V, VI, VII)*

The applicable statute of limitation for false arrest and false imprisonment claims under Florida law is four (4) years. *See* Fla. Stat. § 95.11(3)(o). Likewise, the applicable statute of limitations under Florida law for intentional infliction of emotional distress claims is four (4) years. *See* Fla. Stat. § 95.11(3)(o). The applicable statute of limitations for conversion is four (4) years under Florida law as well. *See* § 95.11(3)(h) and (I), Florida Statutes; *Xavier, et al. v. Leviev Boymelgreen Marquis Developers, LLC*, 117 So. 3d 773, 775 (Fla. 3d DCA 2012) ("The statute of limitations for conversion and unjust enrichment [is] . . . four years.").

In Florida, the applicable statute of limitations for § 1983 actions is also four (4) years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3)(o). "Under federal law, which governs the date of accrual, the statute of limitations [for § 1983 actions] begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Betts v. Hall*, 679 F. App'x 810, 812 (11th Cir. 2017) (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)). Further, "[w]e look to state law for statutory tolling rules in § 1983 actions." *Seibert v. Comm'r*, 680 F. App'x 837, 839 (11th Cir. 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007)).

Under Florida law, in order for a doctrine to toll the statute of limitations, it must be included in the list of conditions set forth in section 95.015, Florida Statutes. *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1075 (Fla. 2001); *see* Fla. Stat. § 95.015. However, "the 'tolling' proscription in section 95.051, Florida Statutes . . . does not embrace the common law doctrine of equitable estoppel, for equitable estoppel is not a 'tolling' doctrine." *Id.* at 1080. "Equitable estoppel differs from other legal theories that may operate to deflect the statute of limitations," and "presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct. *Id.* at 1076–77. "Equitable estoppel arises where the parties recognize the basis for suit, but the wrongdoer prevails upon the other to forego enforcing his right until the statutory time has lapsed." *Cook v. Deltona Corp.*, 753 F.2d 1552, 1563 (11th Cir. 1985) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1043 n.7 (10th Cir. 1980)).

Broomfield argues that he was equitably estopped from bringing his state and federal law claims against Defendants until the criminal charges against him were dropped. (Doc. 20 at 5.) However, "[t]he doctrine of equitable estoppel is not designed to delay the limitations period until a plaintiff becomes satisfied that she [or he] has enough evidence to prove her [or his] innocence."

*Williams v. Allen*, No. 6:17-cv-00242-Orl-31DCI, 2017 WL 1653744, at *4 (M.D. Fla. May 2, 2017). Further, although a plaintiff is not required to negate an affirmative defense in his complaint, a complaint may be dismissed "when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984); *see Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) ("A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" (citation omitted)).

Unequivocally, the alleged illegal search of the Property, Broomfield's arrest, and the confiscation of Broomfield's money in the amount of $3,490.00 occurred on December 17, 2009. Broomfield's claims against Defendants, with the exception of his malicious prosecution claim,[2] accrued at the time of his arrest or during the course of his state court criminal proceedings. The statute of limitations for Broomfield's conversion (Count IV) and unlawful entry claims (Count VI, Count VII) began to run on the date that the Property was searched and the $3,490.00 was seized. Further, the statute of limitations for Broomfield's federal false arrest/false imprisonment cause of action (Count V) began to run when Broomfield's false imprisonment came to an end, which is when he became detained pursuant to legal process. *Wallace*, 549 U.S. at 389 (2007)("[A] false imprisonment ends once the plaintiff becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." (citations omitted)); *White v. Hiers*, 652 F. App'x 784, 786 (11th Cir. 2016) ("Because a false arrest without a warrant 'is a

---

[2] Defendants do not argue that Broomfield's claim for malicious prosecution against Bishop (Count II) is time-barred, likely because Broomfield appealed his criminal conviction and "the statute of limitations for a malicious prosecution action does not start to run until the appeal is decided, or the time for taking such an appeal has expired, because the cause of action does not accrue until the last element, termination favorable to plaintiff, has occurred." *Pendarvis v. Helms*, No. 8:04-cv-2261-T-27TGW, 2009 WL 10643956, at *4 (M.D. Fla. Mar. 12, 2009) (citations omitted).

species of' false imprisonment, in order 'to determine the beginning of the limitations period for a warrantless false arrest, a court must determine when the plaintiff's false imprisonment came to an end.'" (citation omitted)). The statute of limitations for Broomfield's state law cause of action for false arrest/false imprisonment began to run on the date of his arrest. *See Hayward v. Lee Cty. Sheriff's Office*, No. 2:14-cv-244-FtM-29MRM, 2017 WL 2834771, at *4 (M.D. Fla. June 30, 2017) ("Florida state law claims for false arrest accrue on the date of the arrest." (citations omitted)).

Regarding Broomfield's intentional infliction of emotional distress cause of action (Count III), in support of his claims, Broomfield states that Bishop and Moreno provided untruthful testimony during his motion to suppress hearing and at his criminal trial. (*See* Doc. 13 ¶ 22.) Broomfield specifically attests that Bishop "wrongfully arrested" him and "intentionally omitted the testimony of the homeowner [of the Property] knowing that this testimony would have vindicated [Broomfield] of all criminal charges." (*See id.* ¶ 75.) Bishop's actions allegedly caused Broomfield "to be unduly incarcerated[,] subjected to undue prosecution[,] and subjected to unfair treatment . . . caus[ing] him severe emotional and physical distress." (*Id.* ¶ 71.) However, these actions were taken in 2009 or during the pendency of the criminal proceedings against Broomfield. In this case, Broomfield filed his original complaint against Defendants on October 13, 2016. The alleged time frame of Broomfield's criminal proceedings, appeal, vacation of conviction, and the filing of the Nolle Prosequi, unambiguously demonstrate that Broomfield's cause of action for intentional infliction of emotional distress accrued well in advance of October 15, 2012—the date the Nolle Prosequi was filed. As such, Broomfield's cause of action for intentional infliction of emotional distress accrued more than four (4) years before he filed the original complaint in this action.

In addition, Broomfield fails to sufficiently allege any actions that Defendants took that caused Broomfield to forgo bringing his claims against Defendants for unlawful arrest,[3] unlawful search, unlawful entry, intentional infliction of emotional distress, and conversion until the criminal charges were dropped against him on October 15, 2012. Broomfield did not file his original criminal complaint against Defendants until October 13, 2016, nearly four (4) years after the criminal charges against him were dropped. The face of Broomfield's complaint conclusively establishes that Broomfield's causes of action against Defendants, as plead in Counts I, III, IV, V, VI, and VII are time-barred by the applicable statutes of limitation, and that the doctrines of equitable tolling and equitable estoppel do not apply. Accordingly, Counts I, III, IV, V, VI, and VII will be dismissed.[4]

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Defendant Jerry L. Demings's Motion to Dismiss (Doc. 16) is **GRANTED**. Count IV is **DISMISSED**. The Clerk of Court is **DIRECTED** to terminate Defendant Jerry L. Demings as a party to this case.

2. Defendant Robert Bishop's Motion to Dismiss (Doc. 17) is **GRANTED**. Counts I, III, V, and VI are **DISMISSED**.

---

[3] Although Plaintiff mentions both false arrest and false imprisonment, the Court treats these as the same cause of action based on the circumstances in this case. *See Wallace*, 549 U.S. at 388 ("False arrest and false imprisonment overlap; the former is a species of the latter.").

[4] In light of the Court's finding that Counts I, III, IV, V, VI, and VII are time-barred, the Court declines to address Defendants' additional arguments for dismissal.

3. Defendant Mike Moreno's Motion to Dismiss (Doc. 19) is **GRANTED**. Count VII is **DISMISSED**. The Clerk of Court is **DIRECTED** to terminate Defendant Mike Moreno as a party to this case.

**DONE** and **ORDERED** in Orlando, Florida, this _6_ day of October, 2017.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record